# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1611V
UNPUBLISHED

| | |
|---|---|
| SHEREE GARRETT, <br><br>                  Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br>                  Respondent. | Chief Special Master Corcoran <br><br> Filed: February 14, 2020 <br><br><br> Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for petitioner.

*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON JOINT STIPULATION[1]

On October 26, 2017, Sheree Garrett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), which she contends meets the Table definition of SIRVA, after receiving the influenza vaccination on October 28, 2014. Petition at 1, ¶¶ 1, 8; Stipulation, filed Feb. 12, 2020, at ¶¶ 1-2, 4. Petitioner further alleges that she received the vaccination in the United States, suffered the residual effects of her injury for more than six months, and that neither she nor any other individual has filed a civil action or received compensation for her injury, alleged as vaccine caused. Petition at ¶¶ 1, 6-7; Stipulation at ¶¶ 3-5. "Respondent denies petitioner sustained a Table SIRVA; denies that the flu vaccine caused petitioner's alleged left shoulder injuries, or any other injury;

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and further denies that her current disabilities are a sequela of a vaccine-related injury."
Stipulation at ¶ 6.

Nevertheless, on February 12, 2020, the parties filed the attached joint
stipulation, stating that a decision should be entered awarding compensation.  I find the
stipulation reasonable and adopt it as my decision awarding damages, on the terms set
forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award <u>$60,613.50</u>** as
follows:

> **1. A lump sum payment of $54,643.72 in the form of a check payable
> to Petitioner;** and

> **2. A lump sum payment of $5,969.78,** representing compensation for full
> satisfaction of the Medicaid payments made on behalf of petitioner **in the form
> of a check payable jointly to Petitioner and**

> **Department of Health Care Services**
> **Recovery Branch – MS 4720**
> **P.O. Box 997421**
> **Sacramento, CA 95899-7421**
> **DHCS Account No.: C92925375A-VAC03**

Petitioner agrees to endorse this check to Department of Health Care Services.

I approve the requested amount for Petitioner's compensation.  In the absence of
a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed
to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice
renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| **SHEREE GARRETT,** | \* | |
| | \* | |
| Petitioner, | \* | |
| | \* | |
| *v.* | \* | **No. 17-1611V (ECF)** |
| | \* | CHIEF SPECIAL MASTER |
| | \* | BRIAN H. CORCORAN |
| **SECRETARY OF HEALTH** | \* | |
| **AND HUMAN SERVICES,** | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2. Petitioner received the flu vaccine on or about October 28, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered the onset of a left shoulder injury related to vaccine administration (SIRVA), within 48 hours of the flu immunization she received on or about October 28, 2014, and further alleges that she suffered the residual effects of this Table injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6.  Respondent denies petitioner sustained a Table SIRVA; denies that the flu vaccine caused petitioner's alleged left shoulder injuries, or any other injury; and further denies that her current disabilities are a sequela of a vaccine-related injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a.  A lump sum of $5,969.78, which amount represents reimbursement of a lien for services provided to petitioner, in the form of a check payable jointly to petitioner and
>
> Department of Health Care Services
> Recovery Branch - MS 4720
> P.O. Box 997421
> Sacramento, CA 95899-7421
> DHCS Account No.: C92925375A-VAC03
>
> Petitioner agrees to endorse this payment to the Department of Health Care Services; and
>
> b.  A lump sum of $54,643.72, which amount represents compensation for all remaining elements of damages that would be available to petitioner under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner.

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.   Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11.   Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.   The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.   In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to or death of

petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or

about October 28, 2014, as alleged by petitioner in a petition for vaccine compensation filed on

or about October 26, 2017, and amended on or about November 20, 2017, in the United States

Court of Federal Claims as petition No. 17-1611V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this Stipulation, then

the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged left

shoulder injuries, or any other injury or any of her current disabilities.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

SHEREE GARRETT

ATTORNEY OF RECORD FOR
PETITIONER:

JOHN R. HOWIE, JR
HOWIE LAW, P.C
2608 Hibernia Street
Dallas Texas 75204
Tel  (214) 622-6340

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C  20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S  Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Step-08N146B
Rockville, MD  20857

ATTORNEY OF RECORD FOR
RESPONDENT:

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S  Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C  20044-0146
Tel: (202) 616-4122

Dated:  2/12/20